UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM CAPITAL PARTNERS XXXV, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEN'S WAREHOUSE, INC., THE,<br><br>Defendant. | Case No. 14-cv-03556-EDL<br><br>**REPORT AND RECOMMENDATION TO DISMISS EQUITABLE INDEMNITY CLAIM; GRANT MOTION FOR DEFAULT JUDGMENT** |

This action originally involved a claim by Plaintiff WM Capital Partners XXXV, LLC to enforce a security interest in the collateral of third-party Interactive Worldwide Corporation ("IWC") pursuant to a vendor agreement signed by IWC and Defendant The Men's Warehouse, Inc. ("TMW"). On December 19, 2014, TMW filed a third-party complaint against IWC for breach of contract and equitable indemnity. IWC did not answer or otherwise respond to the third-party complaint. On June 29, 2015, Plaintiff and TMW stipulated to dismiss Plaintiff's complaint against TMW, leaving only TMW's third party complaint against IWC at issue in this litigation. On July 17, 2015, the Clerk of Court entered default against IWC, and TMW now moves the Court to enter default judgment against IWC in the amount of $232,091.76. IWC has not appeared in this litigation or consented to the jurisdiction of this magistrate court. Therefore, the Court issues the following Report and Recommendation that TMW's equitable indemnity claim be DISMISSED and its motion for default judgment be GRANTED. The case shall be reassigned to an Article III judge.

**I.     Background**

IWC is a manufacturing company that produces displays for retailers. Third Party Complaint ("TPC") ¶ 5. TMW was a customer of IWC, and on or about October 7, 2012 entered into a Master Vendor Agreement pursuant to which Third Party Defendant was to provide

1    inventory to Third Party Plaintiff in exchange for payment. Id. ¶ 6, 11.  Pursuant to the Master

2    Vendor Agreement, TMW paid over $230,000.00 to IWC.  Id. ¶ 7, 12.  TMW alleges that IWC

3    breached the contract by failing to deliver the inventory it was obligated to deliver pursuant to the

4    Master Vendor Agreement, despite being paid for it.  Id. ¶ 8, 13.  TMW further alleges that it is

5    not indebted to IWC, and IWC has failed to deliver to TMW over $230,000.00 of inventory for

6    which Defendant has already made payment to IWC.  Id. ¶ 9.  As a proximate result of IWC's

7    breach, TMW has been damaged "in an amount to be proven at trial, but not less than

8    $230,000.00, together with interest and attorneys' fees and costs."  Id. ¶ 15.

9        The third party complaint was personally served on IWC's owner on January 20, 2015.

10    See Dkt. # 31.  IWC failed to respond to the third party complaint.  The Clerk of Court entered

11    default against IWC on July 16, 2015.  See Dkt. # 47.

12    **II.    Legal Standard**

13        A court may not enter a default judgment against an unrepresented minor, an incompetent

14    person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2).  The third party defendant in

15    this case, IWC, is a corporation and therefore is not an unrepresented minor, incompetent person,

16    person in military service, or otherwise exempted from default judgment.

17        Upon default, the factual allegations of the complaint, except those relating to the amount

18    of damages, will be taken as true.  Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918

19    (9th Cir. 1987) (per curiam) (citing Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.

20    1977).  Rule 55(b)(2) allows, but does not require, the court to conduct a hearing on damages, as

21    long as it ensures that there is an evidentiary basis for the damages awarded in the default

22    judgment.  Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2nd Cir. 1991).  Under

23    Federal Rule of Civil Procedure Rule 54(c), a default judgment must not "differ in kind from, or

24    exceed in amount, what is demanded in the pleadings."

25        Entry of default judgment requires the consideration of several factors, including: (1) the

26    possibility of prejudice to the Plaintiffs; (2) the merits of Plaintiffs' substantive claim; (3) the

27    sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a

28    dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7)

1  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

2  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**III.  Discussion**

      **A.  Default Judgment on the Breach of Contract Claim is Warranted**

Here, the Eitel factors support granting TMW's motion for default judgment.  Given IWC's absence, TMW has no further avenues for collecting the amount owed under the Master Vendor Agreement against IWC; thus, failure to grant this motion would cause it prejudice.  See Pepsico, Inc. v. Cal. Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Considering the merits of TMW's claims and the sufficiency of the third party complaint, TMW has adequately stated claims on which it may recover.  Pepsico, 238 F. Supp. 2d at 1175 (noting that second and third Eitel factors require that a plaintiff state a claim on which she may recover).   The third-party complaint outlines TMW's breach of contract claim and request for relief, including an allegation that IWC failed to deliver "over $230,000 of inventory for which [TMW] has already made payment to IWC," although it does not specify the precise amount of damages sought in the third party complaint.  See TPC at ¶ 7.  Because of its default, IWC is deemed to have admitted these factual allegations regarding liability.  Fed. R. Civ. P. 8(b)(6); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir.1987).  TMW's breach of contract claim is also substantively supported by the Declaration of Stephen Zagorski and the exhibits thereto.  See Dkt. # 49-1. The sum of money at stake, $232,091.76, is lower or similar to other sums that courts have found reasonable.  See Eitel, 782 F.2d at 1472 ("Eitel was seeking almost $3 million in damages"); see also Church Bros., LLC v. Garden of Eden Produce, LLC, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012) (holding that a sum of $212,259.21 was a "modest" amount).  As IWC has admitted to all well-pleaded factual allegations by default, there is little chance of a dispute over material fact.  Televideo Systems, 826 F.2d at 917-918.  IWC was properly served and there is no evidence that its default was due to excusable neglect, and the policy favoring decisions on the merits standing alone does not preclude default judgment.  Pepsico, 238 F. Supp. 2d at 1177.  Finally, the Court cannot adjudicate the third-party complaint on the merits without IWC.  Thus, the Eitel factors that can be assessed all support an entry of default judgment for TMW.

3

### B. Damages for Breach of Contract

The Declaration of Stephen Zagorski states that, in his capacity as Senior Construction Procurement Manager, he gathered all of the data relating to TMW's business dealings with IWC in order to determine the balance owed by IWC to TMW for prepaid invoices where the product was never delivered to TMW. Zagorski Decl. ¶ 3. The declaration includes data he used to calculate the total amount owed under the contract, as well as a summary of Mr. Zagorski's calculations. See id. Exs. 1-2. This evidence supports TMW's claim for damages in the amount of $232,091.76 and the Court recommends that default judgment in this amount be granted. TMW does not seek any damages for costs, fees or interest.

### C. The Equitable Indemnity Claim

TMW's third party complaint also contains an equitable indemnity claim, alleging that all damages allegedly sustained by WM Capital Partners (as set forth in the original complaint that has since been dismissed) were caused, entirely or in part, by IWC and "[i]n the event that a judgment is entered against [TMW], and/or if [TMW] incurs any expenses in defending against the Underlying Complaint, or if [TMW] enters into any settlement of the Underlying Complaint, then [TMW] is entitled to indemnity from and judgment against [IWC] for all sums that it incurs by reasons of any judgment, defense expenses, or settlement. Id. ¶ 17-19. The third-party complaint contains a demand for: (1) an order requiring IWC to indemnify and hold harmless TMW from any and all damages assessed against it in this action, and any and all costs incurred by them relating to this action, and any other damages incurred by TMW as a result thereof; and (2) for an award of damages to be proven at trial. Id., Prayer. If this claim were to remain in the case, it could impact the Court's analysis of TMW's motion for default judgment. See Fed. R. Civ. P. 54(d) (court may order a default judgment on less than all of the claims "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of such judgment"). However, on November 3, 2015, TMW filed a request for dismissal of the equitable indemnity claim and associated relief pursuant to Federal Rule of Civil Procedure 41. Dkt. No. 55. The Court recommends that this claim be DISMISSED.

For all of the foregoing reasons, the Court recommends that TMW's motion for default judgment and its request for dismissal of its equitable indemnity claim be GRANTED.  This case is hereby reassigned to a district judge.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated:  November 6, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge